**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X   Case No. 21-cv-397

DALE ROBINSON,

                                  Plaintiff,                  **COMPLAINT**

              -against-

                                                      **PLAINTIFF DEMANDS**

U. S. DYNAMICS CORPORATION,              **A TRIAL BY JURY**

                                  Defendants.
-----------------------------------------------------------------------X

      Plaintiff, DALE ROBINSON by his attorneys, SEKENDIZ LAW GROUP P.C., upon information and belief, complains as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action charging that Defendants violated the 42 U.S.C. § 1981, the New York State Human Rights Law, New York State Executive Law §296 et. seq. ("NYSHRL"), and the New York City Human Rights Law, Administrative Code § 8-107, et seq. ("NYCHRL"),emotional distress claims, punitive damages, reasonable attorneys' fees and costs, and to remedy violations of state common law based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966), and 28 U.S.C. §1367; and seeks to recover lost wages, emotional distress, punitive damages, reasonable attorneys' fees and costs as a result of being discriminated against on the basis his race and as a result of being sexually harassed, retaliated against after he complained.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law

pursuant to 28 U.S.C. § 1367.

4. The Court also has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.;

5. Jurisdiction is also conferred upon this Court by 28 U.S.C. Sect. 1331; and 28 U.S.C. Sect. 1343; 28 U.S.C. § 1337 (interstate commerce). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367 (a).

6. This action involves questions of federal law. 28 U.S.C. § 1331

7. Venue is proper in this district based upon Defendants' principal place of business within the Eastern District of New York. 28 U.S.C. §1391(b).

## PARTIES

8. Plaintiff DALE ROBINSON, ("PLAINTIFF") is a resident of the County of New and State of New York.

9. Defendant U. S. DYNAMICS CORPORATION ("UDC") is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 425 Bayview Ave, Amityville, New York, 11701-0455.

10. Marek is an individual, who resides in the State of New York.

11. Marek was and still is defendant's department manager.

12. Marek was Plaintiff's manager.

13. Marek had authority to hire Plaintiff.

14. Merk had authority to fire Plaintiff.

15. Marek supervised Plaintiff.

16. Marek had authority to demote or promote Plaintiff.

17. Marek had authority to discipline Plaintiff.

18. Marek had authority to determine Plaintiff's rate of pay.

19. Richie is an individual, who resides in the State of New York.

20. Richie was and still is an employee and a production member of the defendant.

21. George is an individual, who resides in the State of New York.

22. George was and still is an employee and a production member of the defendant.

23. Kassman is an individual, who resides in the State of New York.

24. Kassman was and still is an employee and a production member of the defendant.

25. Steve Long is an individual who lives in the State of New York.

26. Steve Long was and still is the vice president of the defendant.

27. Mike Filosetta,is an individual, who lives in the state of New York.

28. Mike Filosetta was and still is the accounting manager of the defendant.

29. Stephan is an individual, who resides in the State of New York.

30. Stephan was and still an employee and production member of the defendant.

31. Joe is an individual, who resides in the State of New York.

32. Joe was and still is a production member of the defendant.

33. Dexter is an individual, who resides in the State of New York.

34. Dexter was and still is a production member of the defendant.

## MATERIAL FACTS CONCERNING PLAINTIFF'S RACE DISCRIMINATION CLAIMS

35. Plaintiff was hired by UDC as a Senior Mechanical Inspector.

36. Plaintiff is Black.

37. Plaintiff is a male.

38. Plaintiff started working for UDC in or around February of 2020.

39. Plaintiff's rate was $27.00 an hour.

40. Plaintiff was terminated from his position on or about December 23, 2020.

41. Starting from May of 2020, up until Plaintiff's termination, despite Plaintiff's objections, defendant's production employees referred to Plaintiff as 'Murzyn."

42. The names of the defendant's employees, who called Plaintiff "Murzyn" is as follows: Kassam, Richie, Joe and Marek. The employees referred to Plaintiff as "Murzyn" daily and they did not refer to Plaintiff with his name.

43. Upon information and belief "Murzyn" is a Polish word for a black person. Upon information and belief, "Murzyn" roughly translates into English as either "black", "negro" or depending on how it is being used as "nigger."

44. Starting from Plaintiff's employment up until the second or third week of May, Marek, Richie, George and Kassman would daily come to Plaintiff's desk and tell Plaintiff "Your People" referring to black people in general. More specifically, Marek, Kassam and Richie would say to Plaintiff "There are just too many black people." Plaintiff's manager Marek was president during all these hateful comments.

45. Starting around June of 2020 defendants employees, Steffan, Kassman, George and Dexter started to follow Plaintiff into the bathroom and took a photo of Plaintiff depicting how Plaintiff would sit on a stool with two pieces of paper underneath Plaintiff's sneakers and shared the photo among themselves.

46. On or about June 18th 2020 and on one occasion, while Plaintiff was in the bathroom, Joe referring to Plaintiff loudly said "Are you sickly nigger?"

47. Staring from end of May 2020 ending in August of 2020, Marek, Richie, George, Kassman, Joe and Marek concerning the George Floyd incident and the following riots, in

presence of Plaintiff and daily said "I hate blacks. Just shoot them. I would run them over with my truck. I wish I had a gun. They will never come to Long Island or they will be shot dead. I'm going to buy another AK 47 shoot them all. Black niggers. Fuckin Black niggers."

48. In or around June, July and August, of 2020 Richie and Kassman using their two fingers and their hands as guns walked frequently around Plaintiff's desk engaging in "shooting action" while looking at Plaintiff in the eyes and targeting Plaintiff with their index fingers.

49. Starting around third week of June 2020 and up until end of July 2020 defendants' employees Joe, Kassman ,Richie , Steffan,George and Marek would on an ongoing basis say "These fucking black people make the government pay."  Referring to Plaintiff they would say "You are free not to work because you are black, and we all have to work" "We have to pay black and gay people. The government is paying these fuckin black people if they want to be gay or a transvestite.

50. In or around the July of 2020, on a daily basis Plaintiff's manager Marek referring to some black protesters said "I would run them over with my truck."

51.  On at least three (3) occasion(s) Marek and Richie said to Plaintiff looking into Plaintiff's eyes "Obama is the reason all of this is happening. That nigger is a terrorist, referring Barrack Obama, who served as the 44th President of the United States from 2009 to 2017.

52. In or around June, July and August of 2020 on at least eight (8) occasions, Richie pulled out a knife and then told Plaintiff "Get out; Fuck off" when Plaintiff was around the vending machine area pointing the tip of the knife towards Plaintiff's body violating Plaintiff's personal space putting Plaintiff in an imminent fear of his life.

5

53. On or about November 12, 2020 Richie took a cart and violently pushed Plaintiff into the wall pinning Plaintiff between the cart and the wall and pressed against the Plaintiff for 5 (five) seconds in presence of Plaintiff's manager Marek. Marek did not take any action and watched the incident silently.

### MATERIAL FACTS CONCERNING PLANITIFF'S SEXUAL HARASSMENT CLAIMS AND PERCEIVED SEXUAL ORIENTATION CLAIMS

54. Starting from March of 2020 until the end of April, 2020, Dexter, a co-worker of Plaintiff, would come to Plaintiff's desk and touch Plaintiff's shoulders, caresses Plaintiff's arms, touch Plaintiff's chest, massage Plaintiff's shoulder, make compliments concerning Plaintiff's biceps three to four time a week while he engaged in conversations about "healthy food options." Plaintiff, on each occasion would pull himself back and ask Dexter to back up. Dexter would not listen or stop.

55. Dexter would watch Plaintiff and follow him to the vending machines and then to Plaintiff's desk to take the opportunity to start a conversation with the Plaintiff, so that he could touch Plaintiff.

56. In or around late April 2020, Plaintiff complained to Steve Long, the vice president concerning the inappropriate sexual behavior of Dexter. Steve Long asked Plaintiff "Is Dexter gay? Plaintiff said "I do not know." After Plaintiff complained, Dexter stopped sexually harassing Plaintiff. However, Plaintiff's other co-workers verbally abused, harassed Plaintiff for allegedly being gay and for allegedly having a relationship with Dexter. Plaintiff's co-workers Kassman, Tim, Kristoff and Plaintiff's manager Marek participated in these rumors. By way of example, in or around November of 2020, Kassam

said to Plaintiff "You know you are gay. You and Dexter" Plaintiff objected to the statement and complained to his manager that this was very inappropriate.

57. From April of 2020 up until Plaintiff's termination in presence of Plaintiff's manager Marek, Plaintiff's co-workers Kassman, Tim and Kristoff harassed Plaintiff every day. More specifically, they kept coming back to Plaintiff's desk indicating "You and Dexter are gay", "I am going to your boyfriend Dexter. Do you want me to say anything to him?"

58. On or about May 5, 2020, Tim and Kassman said to Plaintiff "Dexter is waiting for you" while they were characterizing sexual intercourse with hand gestures.

59. From April of 2020 to Plaintiff's termination Kassman, Tim and Kristoff would approximately two to three times a week say to Plaintiff" Ooooh, You know you like getting it in the ass" in front of Plaintiff's manager Marek.

60. Plaintiff kept complaining to his supervisor Marek to stop the employees of making derogatory comments on a weekly basis until his termination to no avail.

61. On or about December 23, 2020, Plaintiff was terminated from his position for allegedly recording Dexter in the bathroom after Dexter made a complaint against Plaintiff.

62. The defendant's reason to terminate Plaintiff was a pretext.

63. Defendant terminated Plaintiff from his position because Plaintiff complained of discrimination and harassment.

64. Defendant terminated Plaintiff from his position because Plaintiff is Black.

65. Defendant terminated Plaintiff from his position because of Plaintiff's perceived sexual orientation.

66. Plaintiff's performance was, upon information and belief, above average during the course of his employment with Defendant.

67. Plaintiff qualified for the position.

68. Defendant conducted pattern and practice of race discrimination, perceived sexual orientation discrimination and sexual harassment.

69. Plaintiff has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

70. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

71. Defendant utilized a pattern and practice of discrimination against black people.

72. As a result of Defendant's actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

73. As a result of the Defendant's discriminatory treatment of Plaintiff, he has suffered severe emotional distress and physical ailments.

74. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

75. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

76. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff demands Punitive Damages as against the defendant.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER 42 U.S.C. SECTION 1981

77. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

"42 USC Section 1981 states in relevant part as follows: (a) Statement of equal rights: All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."(b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981

78. Plaintiff is Black and was discriminated against because of his race as provided under 42 USC Section 1981 and has suffered damages as set forth herein.

79. Defendant "UDC" violated this section by discriminating discrimination against Plaintiff because Plaintiff is Black.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER 42 U.S.C. SECTION 1981

80. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

81. 42 USC Section 1981 prohibits employers from retaliation because the employee opposed to unlawful practices of the defendant.

82. In CBOCS *West, Inc. v. Humphries,* the United States Supreme Court held that Section 1981 also authorizes employees to sue when they are subjected to retaliation after complaining about race discrimination.

83. The defendant UDC violated this section.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

84. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

85. Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, **race,** creed, color, national origin, **sex**, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

86. Defendant "UDC" engaged in an unlawful discriminatory practice by discriminating against Plaintiff solely due to his race.

87. The defendant UDC violated this section.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW

88. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

89. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:" For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

90. Defendant engaged in an unlawful discriminatory practice by failing to hire, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful

employment practices of defendants.

91. Defendant "UDC" violated this section.

## JURY DEMAND

160. Plaintiff demands a trial by jury.

    **WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that the Defendant engaged in unlawful employment practices prohibited by the Section 1981 and NYSHRL, by discriminating against Plaintiff on the basis of his race and perceived sex.

B. Awarding damages to Plaintiff, retroactive to the date of his discharge for all lost wages and benefits resulting from Defendant's unlawful transfer of his employment and to otherwise make him whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
01/25/2021

**SEKENDIZ LAW GROUP P.C., ATTORNEYS AT LAW**

By: ___s/Ismail S. Sekendiz/____
Ismail S. Sekendiz, Esq. (IS-0509)
*Attorneys for Plaintiff*
45 Broadway Suite: 1420
New York, New York 10006
(212) 380-8087
Email: isinan@hotmail.com